UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20107-cr-SEITZ

UNITED STATES OF AMERICA,

v.

DIEGO PEREZ HENAO,
    a/k/a "Diego Rastrojo,"

    Defendant.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT
DIEGO PEREZ HENAO'S 18 U.S.C. § 3582(c)(2) MOTION

The United States of America, by and through the undersigned Assistant United States Attorney, does hereby file its response to Defendant Diego Perez Henao's ("Defendant's") motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  For the reasons that follow, the motion should not be granted.

I.      FACTS

Defendant was indicted by a federal grand jury in Miami, Florida on February 8, 2011, and charged with one count of conspiracy to manufacture of distribute cocaine with knowledge that it would be unlawfully imported into the United States, in violation of Title 21, United States Codes, Sections 959(a)(2) and 963.  Indictment (DE 1).  Defendant was extradited from Colombia to the United States to face the charge in the Indictment, and ultimately pled guilty to the Indictment on January 21, 2014 (DE 25).  In connection with his plea of guilt, Defendant agreed to a factual proffer in which Defendant was held responsible for the manufacture and distribution of at least 81,100 kilograms of cocaine for ultimate importation to the United States.  Factual Proffer (DE 25) at 2.

1

The Presentence Investigation Report calculated Defendant's advisory guideline sentence by: 1) using a Base Offense Level of 38 because Defendant's crime involved 150 or more kilograms of cocaine; 2) factoring in a three-level downward departure for timely acceptance of responsibility; 3) factoring in a two-level upward departure for possession of a firearm, a two-level upward-departure for use of a semi-submersible, and a four-level upward departure for leadership in the conspiracy; and 4) calculating that Defendant's range, at Offense Level 43 and Criminal History category I, was incarceration for life.  As the Government had agreed to extradite Defendant from Colombia upon the condition that Defendant not be sentenced to life imprisonment, the Government recommended a term of incarceration of 360 months.  This Court agreed, and Defendant was eventually sentenced to a 360-month term of incarceration. Judgment (DE 68).

On November 20, 2014, Defendant filed the instant Motion for Two Point Sentence Reduction Pursuant to U.S.S.G. 1B1.10 and USC 3582(c)(2) (DE 76).  In it, Defendant seeks to be resentenced under the revised retroactive drug amount guidelines contained in Amendment 782 to the United States Sentencing Guidelines.

II.     ARGUMENT

Defendant cannot prevail because, based on the Department of Justice's legal position and on the facts currently in the record, the Government can demonstrate that Defendant should be held responsible for 450 or more kilograms of cocaine. As such, Defendant's Base Offense Level, then as now, is Level 38.  Because Amendment 782 does not change the guidelines applicable to Defendant, he is not entitled to any relief under 18 U.S.C. § 3582(c)(2).

*1.     The Law*

As a general rule, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. *Dillon v. United States*, 560 U.S. 817, 824 (2010). Section 3582(c)(2) states a limited exception to this rule, providing:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The provision referenced in this statute, 28 U.S.C. § 994(o), authorizes the Commission to periodically review and revise the Sentencing Guidelines. Pursuant to this statutory authority, on April 30, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. Amendment 782 to the Sentencing Guidelines revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. While the previous applicable guideline set a Base Offense Level of 38 for any federal drug felonies involving 150 or more kilograms of cocaine, the new guideline sets a Base Offense Level of 36 for federal drug felonies involving 150-449 kilograms of cocaine, and a Base Offense Level of 38 for any federal drug felonies involving 450 or more kilograms of cocaine. United States Sentencing Guidelines § 2D1.1 (2014). Amendment 782 was intended to apply retroactively; however, "the court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015." Amendment 788 to the Sentencing Guidelines.

The Sentencing Commission's authority to define "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced" is stated in 28 U.S.C. § 994(u), and its directives in this regard are binding on the courts. The Supreme Court explained:

> The [Sentencing Reform Act] charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating 'by what amount" the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'

*Dillon v. United States,* 560 U.S. 817, 826 (2010). *See also United States v. Wise*, 515 F.3d 207, 221 & n.11 (3d Cir. 2008) (where the Commission stated that a directive making a guideline amendment retroactive would not be effective until March 3, 2008, no relief was available unless and until the provision went into effect on March 3, 2008).

In *Dillon*, the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to

> a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Courts agree that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur under 18 U.S.C. § 3582. *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Consequently, a defendant is not eligible for a sentencing reduction if his offense involved a quantity subject to the highest offense level (38) on the amended Drug Quantity Table. Specifically, if the defendant originally had a base offense level of 38 because his offense involved more than 150 kilograms, and his crime in fact involved more than 450 kilograms, his offense level remains the same under Amendment 782 and he is ineligible for a sentencing reduction. Courts uniformly agree with this approach. *See, e.g., United States v. Jones*, 548 F.3d 1366, 1368-69 (11th Cir. 2008).

Under binding Eleventh Circuit precedent, the Defendant bears the burden of demonstrating that there is enough facts in the record to demonstrate that the drug quantities attributable to him at the original sentencing would entitle him or her to a lower guideline range under 18 U.S.C. § 3582(c)(2). *United States v. Hamilton*, 715 F.3d 328, 340-41 (11th Cir. 2013). The Eleventh Circuit further held that the defendant would not be entitled to relief if the court could not determine from the existing record the quantity with any greater specificity than "at least" the minimum quantity of drugs necessary to qualify for the highest Base Offense Level.

5

*Id*.  In *Hamilton*, as here, the defendant had been held responsible by the court for "at least" the minimum quantity of drugs necessary to qualify for the highest Base Offense Level, Level 38. *Id*. at 333.  The panel reversed the trial court's decision to deny the defendant's 18 U.S.C. § 3582(c)(2) motion and remanded for a hearing to determine – based solely on the evidence that had initially been before the court at the original hearing – whether there was enough evidence in the record to conclude, by a preponderance of the evidence, that the defendant was only responsible for a drug amount that would qualify him for a sentencing reduction.  *Id*. at 340.  Regarding the hearing, "[t]he district court may receive additional briefing but should not consider any new evidence." *Id*.

   *2.   Analysis*

While acknowledging that *Hamilton* is binding law in this Circuit, Department of Justice does not generally advocate the view espoused in *Hamilton*, given that the Government has the burden to establish quantities of drug amounts at all sentencing hearings.  *See United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005).

However, the Government can easily prove demonstrate that Defendant should be held responsible for at least 450 kilograms of cocaine.  Defendant acknowledged in the factual proffer that he was responsible for the manufacture and distribution of at least 81,100 kilograms of cocaine for ultimate importation to the United States.  Factual Proffer (DE 25) at 2.

The issue in this case closely resembles a key issue before the Eleventh Circuit in *Jones*.  In that case, the Presentence Investigation Report had attributed 50 kilograms of crack cocaine to the defendant; however, the defendant, through his attorney, argued at sentencing that he should not be accountable for more than 12 kilograms.  *Jones*, 548 F.3d at 1368-69.  The trial court did not have to resolve this dispute because the guidelines in effect at that time provided the highest

base offense level for defendants responsible for 1.5 kilograms or more of crack cocaine. *Id*. at 1369. A subsequent, retroactive amendment to the guidelines increased the amount of crack cocaine needed to qualify for the highest base offense level from 1.5 kilograms to 4.5 kilograms. *Id*. The trial court denied the defendant's 18 U.S.C. § 3582 motion to reduce his sentence because the amendment did not have the effect of lowering the defendant's guideline range. *Id.* at 1367-68. The Eleventh Circuit agreed: "Even if Jones were accountable for only 12 kilograms of crack cocaine, as his attorney argued at his sentence hearing in 1994, Amendment 706 did not change his applicable base offense level. It is still 38." *Id*. at 1369.

Similarly, Amendment 782 does not change Defendant's applicable base offense level. It is still 38. In its Order, the Court should issue a specific finding, based upon the agreed-upon Plea Proffer and the Presentence Investigation Report that the facts in this case indicate by a preponderance of the evidence that Defendant was responsible for the manufacture and distribution of at least 81,100 kilograms of cocaine.

### III. CONCLUSION

Under Eleventh Circuit precedent, Defendant's motion would fail because he cannot demonstrate from the record evidence that he should be held responsible for less than 450 kilograms of cocaine. The Government espouses the view that it bears the burden of demonstrating that Defendant should be held responsible for 450 or more kilograms of cocaine. From the developed record, this Court can and should conclude that Defendant be held responsible for at least 81,100 kilograms of cocaine, and the Court should make such a finding in its resulting Order. As a consequence, Defendant's offense level remains the same under

Amendment 782 and he is ineligible for a sentencing reduction pursuant to 18 U.S.C. § 3582.

          Respectfully submitted,

          WIFREDO A. FERRER
          UNITED STATES ATTORNEY

By:   /s/ Adam S. Fels
      ADAM S. FELS
      Assistant United States Attorney
      Court Identification No. A5501040
      99 N.E. 4th Street, #800
      Miami, FL 33132
      (305) 961-9325
      E-Mail:Adam.Fels@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed using CM/ECF with the Court this 5th day of December, 2014.

          /s/ Adam S. Fels
          Assistant United States Attorney